WILLIAM F. WENDT ET AL. v. JOSEPH C. DUFF.

Submitted July 5, 1901—Decided November 11, 1901.

A plaintiff who has recovered nominal damages only will be denied a new trial if his failure to obtain a substantial verdict be due to his own conduct in withholding from the jury the facts upon which alone such a verdict could lawfully rest.

On rule to show cause.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, McCarter & Adams.

For the defendant, John J. Mulvancy.

The opinion of the court was delivered by

GARRISON, J.   This rule to show cause brings up a verdict rendered in favor of the plaintiff, who holds the rule, awarding him six cents damages.   The plaintiff's contention is that he should have had substantial damages.   The suit was for the profits the plaintiff would have made out of a certain contract if the defendant had permitted its performance.   The verdict for the plaintiff establishes his right to damages.   The failure to award him substantial damages can be referred to either of two causes—*first,* that the plaintiff would have made no profits, or *second,* that he has failed to prove what profits he would have made.   An examination of the testimony shows that the former could not have been intended, hence the verdict must be taken to mean that the jury was unable to determine, from the testimony, what the amount of the plaintiff's profit would have been.   If, from the testimony, the amount of the damages could have been assessed, the plaintiff is entitled to a new trial.

The duty of proving the measure of damage was thrown upon the plaintiff, not only by the general rule of law, but also because he alone had the knowledge and possessed the means necessary for its ascertainment. The contract was for furnishing certain appliances to be used in connection with heating and ventilating public buildings and superintending the erection of the apparatus. The contract price was $7,250. The measure of damage was the difference between this price and what it would have cost the plaintiff to perform the contract, viz., the cost of furnishing the different mechanical appliances on the ground and of superintending their erection. Nothing needed to be left to surmise or conjecture; indeed, the only item that could not have been stated with a near approach to exactitude was the last item, in so far as the amount of time required to erect the plant was involved. Instead of any detail of figures or facts or any other reasonably exact data, the plaintiff, although urged by court and counsel, supplied the jury with a lot of generalities only, that conveyed no real information at all upon the subject, and could only be accounted for upon ground stated by the witness himself, viz., that the details of the costs of these machines were "a matter of secret, and that he did not know as he ought to give away his business."

Whatever may have been the motive that prompted the suppression of the facts, they certainly were kept back from the jury at a time when it was clearly the plaintiff's duty to have disclosed them if he desired to derive any benefit from the legal process he was invoking. The inability of the jury to state what profit the plaintiff might have made is traceable solely to the plaintiff's unwillingness to have them know. Their verdict is a logical summary of the trial.

Under these circumstances to direct a new trial of the cause would be to encourage parties to experiment at withholding testimony, and to permit what is, at best, a disingenuous practice.

The motion for a new trial should be denied.